PADGETT v. CARTER.

EVIDENCE—MORTGAGES.—Contention that a mortgage was given to secure advances, and that a certain amount was due, should be supported by proof that advances were actually made.

Before PURDY, J., Bamberg, February, 1904.    Affirmed.

Action by Fred Padgett against Paul F. Carter. The following is the Circuit decree, after stating the issues:

"The cause was referred to the master to take the testimony and decide the issues, and he found that the bond and mortgage were given to secure advances of money and supplies made by the plaintiff to the defendant, and found that the mortgage should be foreclosed, and the land sold to pay the debt and attorney's fees.

"Exceptions were filed to this report, and the matter came up for a hearing on such exceptions. The testimony was carefully taken by the master and reported in full, with his findings.

"When a person makes a bond and mortgage and seeks to attack it, it is incumbent upon him to show that the bond and mortgage are other than they purport to be, and in this case the burden of proof is upon the plaintiff (defendant?) to maintain his contention. From his testimony, it appears that he was ignorant and necessitous. It also appears from

the testimony that there was no accounting between the plaintiff and the defendant, but that the defendant was confronted with the bond and mortgage at a store away from the place of business of either of the parties, and asked to sign the same. He contends on the appeal that it was to indemnify the plaintiff, and the plaintiff contends that it was for the purpose of securing money and advances due by the defendant to the plaintiff.

"The defendant has shown from the testimony that he was asked to indemnify the plaintiff against possible loss growing out of another transaction, and at the time that it was sought to obtain a mortgage from him for this purpose, there was no question between them as to the prior indebtedness of the defendant, and the proposed paper was not to be made for the purpose of securing any such indebtedness. The defendant has undertaken to go into the facts showing how he was indebted to the plaintiff, saying that the sum was less than $45, and that all of this except $3 had been paid, and says that this was all that he owed the plaintiff. This makes out a *prima facie* case—maintaining, *prima facie,* his contention—that the bond and mortgage were made for the purpose alleged by him.

"The plaintiff contents himself with saying that the statements made by the defendant are untrue, and that the defendant owed him for money and supplies theretofore advanced. If such be the case, it is very easy for him to so make it appear. What the Court desires in such matters is not the mere statements of conclusions, but statements of facts. The statement that a matter is untrue and the statement that 'He owed me money,' and that 'He owed me for advances,' gives little information to the Court. Had the statement been made as to the time, place and amount, then there would be something upon which to rest, but such is not the case. If the defendant in fact owes the money alleged to be due on the bond and mortgage, he should be made to pay it, but I am not satisfied to allow a judgment to rest

31—70

against him under all the circumstances, taken in connection with the testimony, without having the evidence, beyond the bond and mortgage, after the attack that he has made upon it, that the money is actually due to the plaintiff.

"If the contention of the defendant is right, that he was to have two years, and if he could not then repay the money he was to have another year within which to redeem the fifteen-acre tract, he has yet a short time in which to redeem; and if the plaintiff's contention be right, that the defendant owes him this money outside of the other transaction, then he should be paid. If he has included in this mortgage the amount which he advanced the defendant at the time of sale, then he should be compelled to give up and cancel his deed to the fifteen acres, and these transactions should be fully explained by him. He contends that he has an absolute deed to the fifteen-acre tract of land, and the defendant contends that it was taken as security, or at most, as a conditional sale.

"I do not understand the receipt which was put in evidence, which says that the $74.25 was in part payment of the fifteen-acre tract of land referred to in the proceedings. But receipts are always open to explanation, and one of two things are manifest from this receipt, viz: That the plaintiff was to pay the defendant more money for the fifteen acres of land, or that it was taken as security for the $74.25, and I am inclined to believe that the latter view is correct, and I so find, viz: That the deed, while absolute on its face, was intended as security for the $74.25, and interest that might accrue thereon.

"It is, therefore, ordered, that the exceptions to the master's report be, and they are hereby, sustained.

"It is further ordered, that the case be, and the same is, recommitted to the master for said county, for the purpose of taking further testimony in behalf of the plaintiff, upon the following points, viz: The amount of money advanced and the supplies furnished to defendant, and the items

making up the alleged mortgage debt sued upon in this case, and also as to the rents received from the fifteen acres of land, and that he report the testimony so taken to this Court, and that the cause be then heard upon the testimony already taken, and upon such additional testimony as may be offered.

"I may add, in further support of the position here taken, that it is not the policy of the courts to allow persons in necessitous circumstances to be overreached; and whenever such appears to be the case, the party thus overreached will be granted relief if possible; nor is it the policy of the courts to make bargains for people who are able to take care of themselves; but in this case, if the findings appealed from be allowed to stand, we will have this state of facts, viz: the plaintiff will be allowed to retain an absolute deed to fifteen acres of land which sold at public auction for $100. and which from the testimony is worth from $150 to $200, for $74.25; and the plaintiff will be allowed to foreclose a mortgage obtained from the defendant without any statement or accounting showing the alleged indebtedness secured thereby, and unsupported by any proof outside of the bond and mortgage, save his general statement hereinbefore referred to, viz: that he advanced money and supplies, and that the statements of the defendant are untrue, in the face of the fact that if the defendant be believed, he got no money from the plaintiff, and has about repaid him for the supplies.

"Upon the coming in of the report of the master, either party to the cause may apply for any further order to carry out the provisions of this order."

From this decree, plaintiff appeals on the following exceptions:

"1. Because, it is respectfully submitted, the Circuit Judge erred in finding and adjudging that the deed to the plaintiff for $74.25, while absolute on its face, was taken as security for the $74.25, and interest that might accrue thereon.

"2. Because the Circuit Judge erred in not holding that the testimony shows that there was an absolute sale of the fifteen-acre tract, and that the deed in question was taken as an absolute conveyance instead of as security for the amount stated.

"3. Because the Circuit Judge erred in holding that, from the plaintiff's testimony, it appears that he was ignorant and necessitous.

"4. Because the Circuit Judge erred in holding that it appears from the testimony that there was no accounting between the plaintiff and the defendant, but that the defendant was confronted with the bond and mortgage (meaning the bond and mortgage sued on), at a store away from the place of business of either of the parties, and asked to sign same.

"5. Because the Circuit Judge should have held that the defendant executed the bond and mortgage willingly, and with full knowledge of the facts, and was thereby estopped from denying his liability for the full amount thereof.

"6. Because the Circuit Judge erred in holding that the defendant made out a *prima facie* case—maintaining, *prima facie*, his contention—that the bond and mortgage were made for the purpose alleged by him.

"7. Because, in any event, it was necessary for the defendant to prove by the preponderance of the evidence that his contention was correct, and a *prima facie* showing is not sufficient to prevent plaintiff's recovery of the full amount of the bond and mortgage.

"8. Because the Circuit Judge should have held that the bond and mortgage in question were given for money and supplies advanced by plaintiff to defendant before the execution of the papers, and that they were executed deliberately, after a statement made by plaintiff to defendant of the amount due by him, and that he was estopped from denying his liability thereon.

"9. Because the Circuit Judge erred in recommitting the case to the master to take testimony as to the amount of money advanced and the supplies furnished to defendant, and the items making up the alleged mortgage debt sued upon in this case, and also as to the rents received from the fifteen acres of land, and requiring him to report such testimony to the Court, and that the cause be then heard upon the testimony already taken, and upon such additional testimony as may be offered.

"10. Because the Circuit Judge erred in not decreeing foreclosure of the mortgage sued on for the amount reported due thereon by the master."

*Mr. Jno. R. Bellinger,* for appellant, cites: *Clear proof is necessary to show that an absolute deed is a mortgage:* 55 S. C., 524; 52 S. C., 54; 3 Rich. Eq., 153. *Finding of Court below will not stand, if against weight of evidence:* 55 S. C., 198; 51 S. C., 63; 31 S. C., 277.

*Mr. H. F. Rice,* contra, cites: *Finding of Circuit Court is prima facie, correct, and only disturbed if clearly against weight of the evidence:* 26 S. C., 250.

February 16, 1905.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   This action had for its object, so far as plaintiff was concerned, the foreclosure of a mortgage on thirty-six acres of land, in Bamberg County, to pay a bond for $98.50, and some interest.   Defendant's answer, however, tended to transform the issues so that only $13.30 would be due.   This was the story unfolded by the answer.   On the 4th day of March, 1901, the defendant wanted to bid off at a public sale two small tracts of land— one for thirty-six acres and the other for fifteen acres.   He induced the plaintiff to lend him $74.50 to pay the purchase money, securing the plaintiff by a conveyance from him, the

defendant, of the fifteen acres of land. In November, 1901, two suits were brought touching the two small tracts of land, which suits made the plaintiff, Fred. Padgett, uneasy as to the loan of his money to the defendant, Carter, but the defendant offered to indemnify the said Fred. Padgett, and as a consequence he gave a mortgage of the thirty-six acres of land to secure the sum of $98.50, and interest thereon at eight per cent. per annum. This mortgage was dated in December, 1901. Not being paid by 15th October, 1902, this action to foreclose was brought, as before remarked.

Fred. Padgett claimed that the $98.50 was made up of advances in money and supplies in the year 1901. No books of account were ever produced by the plaintiff. The defendant claimed, however, that Padgett never advanced him more than $45, and he produced receipts for most of this. Testimony was taken by the master on both sides, and the master reported in favor of the plaintiff, Padgett. Defendant excepted, and on the hearing before Judge Purdy, he reversed the master's report, and recommitted the whole matter. From this decree, which must be reported, the plaintiff has appealed to this Court. Let the exceptions be reported.

We agree with the Circuit Judge, that the plaintiff had not shown by testimony that his claims against the defendant were established. We would show this clearly if a new hearing was not to be had; if we went into the proofs, injustice may be done one, or may be both parties. Therefore, we will content ourselves with adhering to the views of the Circuit Judge, so that a recommittal is adjudged necessary. The exceptions are overruled.

The judgment of the Circuit Court is affirmed.